# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| **HERIBERTO VALIENTE, individually and on behalf of all those similarly situated,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ALLY FINANCIAL INC.,**<br><br>    **Defendant.** | **Civil Action No. 1:22-cv-22016** |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION:

Pursuant to 28 U.S.C. § 1332, Defendant Ally Financial Inc. ("Ally"), by counsel, hereby removes this action, currently pending in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.

Removal is proper because this Court has subject matter jurisdiction by way of diversity jurisdiction pursuant to 28 U.S.C. § 1332. In support thereof, Ally states as follows:

### I.   BACKGROUND

1. On or about May 13, 2022, Plaintiff Heriberto Valiente ("Plaintiff") filed a Complaint against Ally in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2022-008863-CA-01.

2. Plaintiff asserts a single claim against Ally purportedly arising under the Florida Consumer Collection Practices Act, Fla. Stat. §559.72(17) ("FCCPA"), for an alleged violation of the FCCPA prohibition on "[c]ommunicat[ing] with the debtor between the hours of 9 p.m. and 8

a.m. in the debtor's time zone without the prior consent of the debtor." Copies of Plaintiff's Complaint, Civil Action Summons, Civil Cover Sheet, and all other documents believed to be on file with the Clerk of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, are attached hereto as **Exhibit A**.

3. Ally was served with the Complaint on June 3, 2022.

4. This Notice of Removal is being filed within 30 days of service on Ally, making the action timely removed pursuant to 28 U.S.C. § 1446(b).

### II. REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION

5. Ally denies that Plaintiff has stated any claim for which relief may be granted and denies that it damaged Plaintiff in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs. Accordingly, this Court has original jurisdiction over Plaintiff's FCCPA claim because Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction.

6. 28 U.S.C. § 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." Here, both the requirements for original diversity jurisdiction under 18 U.S.C. §1332 are satisfied.

**Diversity of Citizenship**

7. To determine the plaintiff's citizenship in a class action, the court examines the citizenship of the named plaintiff. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1288 (11th

Cir. 1998). The only named plaintiff, Heriberto Valiente, alleges he resides in Miami-Dade County, Florida. Compl. ¶ 5. Accordingly, Plaintiff is a citizen of Florida.

8. Defendant Ally is a Delaware corporation with its principal place of business in Detroit, Michigan. Accordingly, for purposes of determining diversity of citizenship, Ally is a citizen of both Delaware and Michigan. *See* 28 U.S.C. § 1332(c)(1) (corporate is a citizen of the state where it is incorporated and where it maintains its principal place of business); *Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 318 (2006).

9. Because Plaintiff and Ally are citizens of different states, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

**Amount in Controversy**

10. For a defendant to successfully remove a class action based on diversity jurisdiction, at least one of the named plaintiffs must have a claim that exceeds the $ 75,000 threshold. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546. 549 (2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount….").

11. Here, Plaintiff indicated on his Civil Cover Sheet that the amount of claim is "over $100,000." Exhibit A. Plaintiff states in his Complaint that the "[t]he matter in controversy exceeds the sum or value of $30,000, exclusive of interest, costs, and attorney's fees." Compl. ¶ 1. Additionally, Plaintiff seeks declaratory relief, statutory damages, injunctive relief, and attorney's fees and costs. *See* Compl. ¶ 37. Finally, Plaintiff also seeks "[a]ny other relief that

this Court deems appropriate under the circumstances," which under the FCCPA includes both actual damages and punitive damages. *Id.*

12. "[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). Here, the FCCPA allows a prevailing plaintiff to recover attorney's fees. Fla. Stat. § 559.77(2).

13. The amount in controversy for attorney's fees "includes reasonable fees through the end of trial. That amount—the amount a plaintiff will receive if successful—is part of what will be at issue during the case." *Stephens v. Geovera Specialty Ins. Co.*, No. 1:19-CV-327-AW-GRJ, 2020 WL 5845738, at *2 (N.D. Fla. Feb. 10, 2020); *accord Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (considering whether it "would be unreasonable to expect plaintiff to incur" additional attorney's fees after removal sufficient to meet jurisdictional threshold); *but see Dukes v. Integon Nat'l Ins. Co.*, No. 19-CV-22205, 2019 WL 5543548, at *2 (S.D. Fla. Oct. 28, 2019) (only considering attorney's fees incurred at time of removal).

14. Plaintiff's claim for attorney's fees if this case were litigated through the end of trial would far exceed $45,000 based on the litigation of similar consumer cases and attorney's fee awards for prevailing plaintiffs. *See, e.g.*, *Morton v. O'Brien*, No. 2:18-CV-445, 2022 WL 1637725, at *7 (S.D. Ohio May 24, 2022) (awarding $86,305 in attorney's fees based on $75,385 for initial motion and $10,920 for supplemental motion); *Rosen v. MLO Acquisitions LLC*, No. 4:19CV39-PPS, 2022 WL 263454, at *9 (N.D. Ind. Jan. 28, 2022) (awarding $100,055 in attorney's fees); *Gonzalez v. Allied Collection Servs., Inc.*, No. 2:16-cv-02909, 2019 WL 6329306, at *7 (D. Nev. Nov. 25, 2019), *vacated in part*, 852 F. App'x 264 (9th Cir. 2021) (awarding

$105,820 in attorney's fees but vacated and remanded on appeal); *Lee v. Javitch*, 568 F. Supp. 2d 870, 885 (S.D. Ohio 2008) (awarding $125,315.30 in attorney's fees).

15. Based on Plaintiff's statements as to the amount of his claim, plus his demand for declaratory, injunctive, and statutory damages, and the availability of actual damages and punitive damages under the FCCPA, as well as the attorney's fees he seeks to recover, the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction, exclusive of interests and costs.

### III.   VENUE

16. Venue is proper in this Court because this district and division encompass the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV.   NOTICE

17. Pursuant to 28 U.S.C. §1446(d), a copy of Ally's Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the 11th Judicial Circuit Court in and for Miami-Dade County, and is attached hereto as **Exhibit B**.

18. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

19. As of the date of this removal, Ally has not filed a responsive pleading to the Complaint.  Ally reserves all rights to assert any and all defenses to the Complaint and further reserves the right to amend or supplement this Notice of Removal.

20. If any questions arise as to the propriety of the removal of this action, Ally requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Ally Financial Inc. hereby removes this action to this Court and seeks all other relief as this Court deems equitable and just.

Dated: July 1, 2022

Respectfully submitted,

**ALLY FINANCIAL INC.**

By: /s/ Gillian D. Williston
Gillian D. Williston (Florida Bar No.: 14270)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: gillian.williston@troutman.com

*Counsel for Defendant Ally Financial Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2022, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system and a true and correct copy of the foregoing document was sent via Federal Express, to the following:

Jennifer G. Simil, Esq.  (Florida Bar No.: 1018195)
Jibrael S. Hindi, Esq. (Florida Bar No.: 118259)
LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Ft. Lauderdale, FL 33301
Tel: (954) 907-1136
jen@jibraellaw.com
jibrael@jibraellaw.com
***Counsel for Plaintiff***

By: /s/ Gillian D. Williston
Gillian D. Williston
(Florida Bar No.: 14270)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail:  gillian.williston@troutman.com

*Counsel for Defendant Ally Financial Inc.*